UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81286-CIV-MARRA

KAREN KLAUSMEYER,

Plaintiff,

vs.

TYNER LAW FIRM, P.A., MARK T. MCLEOD
and MITCHELL TYNER,

Defendant.

_____/

## OPINION AND ORDER

_____This cause is before the Court upon Plaintiff's Motion to Dismiss Notice of Removal (DE

4); Plaintiff's Request to Remand Case (DE 10); Plaintiff's Motion to Dismiss Defendants'

Counterclaim (DE 11); Plaintiff's Motion for Fines and Sanctions as Court Deems Applicable

against Defendants (DE 15); Plaintiff's Motion for Fines and Sanctions Pursuant to the Rules of

Civil Procedure and/or as the Court Deems Applicable (DE 19); Plaintiff's Motion for Fines and

Sanctions (DE 20); Plaintiff's Motion for Further Sanctions Against Defendants for Failure to

Confer and Comply to November 4, 2008 Order (DE 21); Plaintiff's Motion to Deny and Strike

Defendants' Opposition to Plaintiff's Motion to Remand (DE 24); Plaintiff's Motion to Strike

and Deny Defendants Consolidated Response to Plaintiff's Notice to the Court of Defendants

Failure to Comply to Rule 26 and Filed False Statements to the Court in their Notice of

Conference Filing (DE 28) and Plaintiff's Motion to Strike and Deny Defendants Consolidated

Response to Plaintiff's December 9th, 2008 Motion for Fines and Sanctions (DE 29). The Court

has carefully reviewed the motions and is otherwise fully advised in the premises.

I.  Motions to Remand

On November 3, 2008, Defendants filed a Notice of Removal of an action from the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida (DE 1).  The Notice of Removal states that the individual Defendants are citizens of Mississippi and that the corporate Defendant is incorporated in Mississippi and a citizen of the state of Mississippi. (DE 1 at ¶¶ 3-4.)   Defendant invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. Under § 1332, the Court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different states." The underlying state court Complaint alleges breach of contract, fraudulent misrepresentation, fraudulent inducement, fraudulent practices, breach of the covenant of good faith and fair dealing, negligence and negligent misrepresentation arising out Defendants' legal representation of Plaintiff in a multi-million dollar action against various entities, including Morgan Stanley and Wells Fargo Bank. (Compl., attached to DE 1.)

Plaintiff seeks remand, claiming that Defendants were denied a motion for extension of time to answer the complaint and that she has sought a "default action" in state court.  (DE 4 at 1.) In addition, Plaintiff argues that there is no diversity jurisdiction.  (DE 10 at 2.)  Plaintiff does, however, state that she has been a resident of Florida since 1986. (DE 4 at 2.) Significantly, Plaintiff does not challenge Defendants' assertion that the amount in controversy exceeds $75,000.00.  In fact, the state court complaint alleges that her damages from the case against Morgan Stanley and Wells Fargo Bank were in the multi-million dollar range and Plaintiff asks the Court consider that information in determining her actual damages. Additionally, her demand letter to Defendants sought $250,000.00.  (February 2, 2008 email

from Plaintiff to Defendants).

Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by the Constitution or by the Congress of the United States. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11ᵗʰ Cir. 1994). A federal district court is authorized to assert its jurisdiction, however, when citizens of different states are involved and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Where the parties are diverse and the amount in controversy prerequisite is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of the federal court system. 28 U.S.C. § 1441; Burns, 31 F.3d at 1095.

Here, there is ample evidence to find that diversity jurisdiction exists.  Defendants are citizens of Mississippi and Plaintiff has stated that she is a citizen of Florida.[1]  Although Plaintiff does not challenge the amount in controversy, for the purpose of a complete record, the Court finds that the amount in controversy is also met.  In making this determination, the Court "review[s] the propriety of removal on the basis of the removing documents." Lowery v. Alabama Power Co., 483 F.3d 1184, 1211 (11ᵗʰ Cir. 2007). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." Id.  Specifically, the Court "considers the document received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." Id. at 1213.  In Plaintiff's prayer for relief, she

_____

[1] Plaintiff notes that Defendants erroneously stated in their Notice of Removal that Plaintiff is a citizen of "West Palm Beach County, Mississippi."  Plaintiff has pointed out Defendant's error and does not dispute her Florida citizenship. (DE 4.)

3

requests "actual damages" and highlights the estimated recovery for the class-action lawsuits for which Defendants' represented her.  For example, Plaintiff states that the claim in one of those cases was for 290 million dollars and that she was to receive ten percent of that recovery. Lastly, attached to the Notice of Removal is Plaintiff's demand letter for $250,000.00. Thus, based on this record, the amount in controversy is also met.

II. Motions for Fines and Sanctions

Plaintiff has filed numerous motions seeking sanctions and fines against Defendants (DE 15, 19, 20, 21).  These motions allege misconduct on the part of Defendants with respect to the filing of a joint scheduling report. The Court has reviewed the motions and finds that there is no basis for sanctioning Defendants.

The Court notes that it has received Defendants' scheduling report.  The Court orders Plaintiff to file a unilateral scheduling report within 10 days of the date of entry of this Order.

III. Motions to Strike

Plaintiff has filed numerous motions to strike (DE 24, 28, 29). These motions seek to strike various responses filed by Defendants in response to Plaintiff's motions for fines, sanctions and remand.  Plaintiff makes various arguments in support of striking, including an argument that the corporate Defendant was not properly represented by properly admitted counsel.  In fact, Plaintiff references the December 3, 2008 Court's order (DE 16) directing the corporate counsel to secure representation.  The Court agrees with Plaintiff that any submissions made on behalf of the corporate Defendant prior to securing proper representation must be stricken.  However, the Court will grant the corporate Defendant leave to refile any stricken document within 10 days of

4

the date of entry of this Order.[2]

To the extent Plaintiff seeks to strike submissions made by the individual Defendants, the Court finds that Plaintiff has not met the standard for motions to strike. See Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962)[3] (courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice").  After careful review, the Court finds that Plaintiff has not met the rigorous standard necessary to strike a pleading with respect to the individual Defendants.

IV. Motion to Dismiss Counterclaim

Plaintiff has moved to dismiss the counterclaim of the corporate Defendant (DE 11).  The Court has stricken the counterclaim based on the corporate Defendant's lack of proper representation, with leave to refile through counsel of record.  Thus, Plaintiff's motion to dismiss the counterclaim is denied as moot.

V. Conclusion

It is hereby **ORDERED AND ADJUDGED** as follows:

1)      Plaintiff's Motion to Dismiss Notice of Removal (DE 4) is denied.

2)      Plaintiff's Request to Remand Case (DE 10) is denied.

3)      Plaintiff's Motion to Dismiss Defendants' Counterclaim (DE 11) is denied as moot.

---

[2] The corporate Defendant has now secured representation (DE 20).

[3]  The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

5

4)      Plaintiff's Motion for Fines and Sanctions as Court Deems Applicable against

Defendants (DE 15) is denied.

5)      Plaintiff's Motion for Fines and Sanctions Pursuant to the Rules of Civil

Procedure and/or as the Court Deems Applicable (DE 19) is denied.

6)      Plaintiff's Motion for Fines and Sanctions (DE 20) is denied.

7)       Plaintiff's Motion for Further Sanctions Against Defendants for Failure to Confer

and Comply to November 4, 2008 Order (DE 21) is denied.

8)      Plaintiff's Motion to Deny and Strike Defendants' Opposition to Plaintiff's

Motion to Remand (DE 24) is granted in part and denied in part.

9)      Plaintiff's Motion to Strike and Deny Defendants Consolidated Response to

Plaintiff's Notice to the Court of Defendants Failure to Comply to Rule 26 and

Filed False Statements to the Court in their Notice of Conference Filing (DE 28)

is granted in part and denied in part.

10)       Plaintiff's Motion to Strike and Deny Defendants Consolidated Response to

Plaintiff's December 9th, 2008 Motion for Fines and Sanctions (DE 29) is granted

in part and denied in part.

11)      The Court grants the corporate Defendant leave to refile any document stricken

within 10 days of the date of entry of this Order.

12)   Plaintiff shall file her unilateral scheduling report within 10 days of the date of
entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 17th day of December, 2008.

_____
KENNETH A. MARRA
United States District Judge