UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81286-CIV-MARRA

KAREN KLAUSMEYER,

Plaintiff,

vs.

TYNER LAW FIRM, P.A., MARK T. MCLEOD
and MITCHELL TYNER,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon *pro se* Plaintiff Karen Klausmeyer's ("Plaintiff") Motion to Dismiss Tyner Law Firm PA's Amended Counterclaim (DE 50); Plaintiff's Motion for Default and Summary Judgment (DE 59); Plaintiff's Motion for Default and Default Judgment (DE 81); Defendant Mark T. McLeod and Mitchell Tyner's Consolidated Motion to Strike and Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(f) (DE 83) and Plaintiff's Motion to Deny, Strike and Dismiss Defendants Mark T. McLeod, Mitchell Tyner and Tyner Law Firm's Joinder in their Consolidated Motion to Strike and Dismiss Plaintiff's Amended Complaint (DE 84). The Court has carefully considered the motions and is otherwise fully advised in the premises.

I. Motion to Dismiss Tyner Law Firm PA's Amended Counterclaim

Defendant Tyner Law Firm, P.A. ("Tyner") has brought amended counterclaims for breach of contract and breach of the covenant of good faith and fair dealing against Plaintiff arising out of Tyner's alleged legal representation of Plaintiff. According to the counterclaims, Tyner provided Plaintiff legal representation and Plaintiff failed to pay the litigation expenses

and comply with other terms of the agreement, including cooperating in the preparation for and trial of her claims.

Plaintiff moves to dismiss these counterclaims. Much of Plaintiff's motion is spent rehashing the issue of remand, upon which this Court has already ruled (DE 53). In addition, Plaintiff has attached nine exhibits and uses those exhibits to raise factual disputes with the allegations of Tyner's counterclaims. Of course, when considering a motion to dismiss, the Court must accept all of the allegations as true in determining whether a claim has been stated for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Furthermore, at the motion to dismiss stage, the scope of the Court's review is limited to the four corners of the pleading. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). Thus, the Court cannot consider any of Plaintiff's exhibits or arguments that rest on challenges to the facts pled by Tyner. Moreover, the Court has reviewed the counterclaims pled by Tyner and finds that they adequately plead a claim for breach of contract and breach of the covenant of good faith and fair dealing. See Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006) (elements for breach of contract); Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So. 2d 787, 791-92 (Fla. Dist. Ct. App. 2005) (discussing the pleading requirements to state a cause of action for breach of implied covenant of good faith and fair dealing). Hence, Plaintiff's motion is denied.

II. Plaintiff's Motion for Default and Summary Judgment

On January 21, 2009, Plaintiff filed a motion for default and summary judgment on the basis that Tyner did not file a response to Plaintiff's motion to dismiss the amended counterclaim. A review of the Court docket shows that Tyner filed its counterclaim on

November 5, 2008 (DE 6), Plaintiff moved to dismiss it (DE 11) and Tyner responded to Plaintiff's motion (DE 40). The Court, however, struck the counterclaim and granted Tyner leave to re-file the counterclaim (DE 31). Tyner re-filed the counterclaim on December 22, 2008 (DE 38) and Plaintiff moved to dismiss it on December 29, 2008 (DE 50). On February 12, 2009, in an effort to have a clear record, the Court requested Tyner to inform the Court whether it wished the Court to consider the arguments that it made previously in docket entry 40 and apply those arguments to Plaintiff's renewed motion to dismiss. Tyner informed the Court that it wished the Court to do so (DE 67). Based on this record, the Court finds that Tyner's conduct does not give rise to a granting of default and summary judgment. Furthermore, the Court notes that, even without a response from Tyner to the motion to dismiss the counterclaim, the Court is not required to grant a motion on the sole ground that a response was not filed. Instead, the moving party must provide sufficient grounds to support the legal relief requested. As discussed supra, Plaintiff did not demonstrate that Tyner's counterclaims warranted dismissal.

In sum, Plaintiff's Motion for Default and Summary Judgment is denied.

III. Plaintiff's Motion for Default and Default Judgment; Defendant Mark T. McLeod and Mitchell Tyner's Consolidated Motion to Strike and Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(f) and Plaintiff's Motion to Deny, Strike and Dismiss Defendants' Joinder in Their Consolidated Motion to Strike and Dismiss Plaintiff's Amended Complaint

Each of these motions relate to Plaintiff's filing of an Amended Complaint on April 10, 2009 (DE 80). Plaintiff requests a default judgment based on her contention that Defendant did not timely file an answer to the Amended Complaint (DE 81). Defendants move to strike the Amended Complaint, claiming that: (1) Plaintiff failed to obtain leave from the Court and written consent from Defendants; (2) the Amended Complaint was filed after the March 11, 2009 deadline set forth in the Court's scheduling order and (3) the amendments are futile (DE 83).

3

Plaintiff moves to strike Defendants' Motion to strike the Amended Complaint and reasserts the arguments made in her motion for default judgment (DE 84).

After careful consideration, the Court has concluded that the proper course of action is to strike the Amended Complaint. To begin, once an answer has been filed, a plaintiff must seek either the opposing party's consent or leave of the Court prior to filing an amended complaint. Fed. R. Civ. P. 15. Here, Plaintiff did not comply with Rule 15 of the Federal Rules of Civil Procedure. Even assuming arguendo that Plaintiff complied with this rule, under Rule 16 of the Federal Rules of Civil Procedure, district courts are required to "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings . . ." Fed. R. Civ. P. 16(b) The scheduling order "control[s] the subsequent course of the action" unless modified by the court. Fed. R. Civ. P. 16(e). As noted by one court, the scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) quoting Gestetner Corp. v. Case Equipment Co., 108 F.R.D. 138, 141 (D. Me. 1985). A scheduling order may be modified only upon a showing of good cause. See Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998).

Here, Plaintiff has failed to show good cause. In fact, Plaintiff has failed to make any arguments justifying the late filing of the Amended Complaint. Furthermore, much of Plaintiff's Amended Complaint raises arguments relating to remand. Notably, on January 6, 2009, the Court ordered Plaintiff not to file any more motions seeking remand (DE 53). The Amended Complaint is technically not a motion, and the Court recognizes that Plaintiff is proceeding *pro se*. However, Plaintiff is warned that she risks sanctions should she continue to multiply the

4

proceedings with filings relating to remand. Lastly, the remaining amendments to the Amended Complaint do not rise to the level constituting good cause. Thus, the Amended Complaint is stricken and Plaintiff's motion for default and motion to strike are denied as moot.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)  Plaintiff's Motion to Dismiss Tyner Law Firm PA's Amended Counterclaim (DE 50) is **DENIED**.

(2)  Plaintiff's Motion for Default and Summary Judgment (DE 59) is **DENIED**.

(3)  Plaintiff's Motion for Default and Default Judgment (DE 81) is **DENIED AS MOOT.**

(4)  Defendants' Consolidated Motion to Strike and Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(f) (DE 83) is **GRANTED**. The Amended Complaint (DE 80) is stricken.

(5)  Plaintiff's Motion to Deny, Strike and Dismiss Defendants Mark T. McLeod, Mitchell Tyner and Tyner Law Firm's Joinder in Their Consolidated Motion to Strike and Dismiss Plaintiff's Amended Complaint (DE 84) is **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of June, 2009.

KENNETH A. MARRA
United States District Judge